Mr. John A. Ritter City Attorney City of Miami Beach Post Office Bin 190000 Miami Beach, Florida 33119
Dear Mr. Ritter:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE FUNCTIONS OF THE MUNICIPAL CODE ENFORCEMENT BOARD, ESTABLISHED PURSUANT TO PART II OF CH. 166, F.S., AND THE CITY'S MINIMUM HOUSING AND COMMERCIAL PROPERTY APPEALS BOARD, CREATED BY CITY ORDINANCE, MAY BE COMBINED SO THAT THE CODE ENFORCEMENT BOARD MAY PERFORM THE FUNCTIONS OF BOTH BOARDS.
The City of Miami Beach wishes to merge the functions of its Code Enforcement Board with those of its Minimum Housing and Commercial Property Appeals Board. The Code Enforcement Board is constituted pursuant to the authority vested by s 166.055, F.S., as amended by s 5 of Ch. 82-37, Laws of Florida. The function of the Code Enforcement Board is to enforce the `technical codes in force in . . . municipalities, including, but not limited to, occupational license, fire, building, zoning, and sign coded.' (e.s.) Section 166.052, F.S., as amended by s 2 of Ch. 82-37.
The Code Enforcement Board is authorized to issue orders commending whatever steps are necessary to bring a violation of such codes into compliance. Section 166.058(5), F.S., as amended. It is the duty of the duly authorized agent or code inspector of the municipality to initiate enforcement proceedings of such codes. Section 166.056, F.S. The Minimum Housing and Commercial Property Appeals Board is created by Ch. 17B of the Miami Beach City Code, the purpose of which is to protect the public health, safety, morals and welfare of the people of the city by establishing minimum standards governing the condition, occupancy and maintenance of all buildings and premises and establishing minimum standards governing utilities, facilities and other physical components and conditions essential to make such buildings and premises safe, sanitary and fit to be occupied. Section 17B-3 of Art. I, Ch. 17B, City Code. The provisions of Ch. 17B of the City Code are enforced by the city planning and zoning department or its duly authorized employees as enforcement officers. See, ss 17B-6 and 17B-8. The duties of the Minimum Housing and Commercial Property Appeals Board, created by s 17B-17, include hearing and determining appeals from actions and decisions of the code enforcement officer as provided in Ch. 17B, hearing and passing upon applications for variances or waivers of the provisions of Ch. 17B, and adopting rules and regulations for the implementation, enforcement and administration of Ch. 17B and the minimum standards prescribed therein. Section 17B-21 of Art. II, Ch. 17B, City Code. The minimum standards are prescribed in Art. III of Ch. 17B of the City Code.
In view of the declared legislative intent expressed in s 166.052, F.S., as amended by s 2 of Ch. 82-37, Laws of Florida, which now provides that the Local Government Code Enforcement Board may enforce `the technical codes in force' in the city, ` including,but not limited to,' fire, building and zoning (e.s.), I am of the view that the city may simply abolish the Minimum Housing and Commercial Property Appeals Board established by Ch. 17B of the City Code, repeal or modify other inconsistent enforcement agencies and procedures now contained in Ch. 17B, and provide that the minimum standards now contained in Art. III of Ch. 17B of the City Code, with any desirable or necessary amendments, are to be enforced by the city's duly authorized code inspector and its Local Government Code Enforcement Board as are the other technical codes in force in the city pursuant to and in the manner prescribed by ss 166.051-166.063, F.S., as amended by Ch. 82-37, Laws of Florida. Alternatively, as discussed in this opinion, the city may, by enactment of appropriate ordinances or amendment of existing ordinances, designate the members of the Local Government Code Enforcement Board as ex officio members of the existing Minimum Housing and Commercial Property Appeals Board and thereby impose additional or ex officio duties on such officers to administer and enforce the provisions of Ch. 17B of the City Code and the minimum standards provided therein. Section 166.063, F.S., created by s 11 of Ch. 82-37, now provides that ss 166.051-166.062, F.S., provide additional or supplemental means of obtaining compliance with local codes and the local governing body is not prohibited from enforcing its codes by any other means.
A municipality pursuant to the Municipal Home Rule Powers Act, Ch.166, F.S., and s 2(b), Art. VIII, State Const., has the power to create and abolish municipal offices and to prescribe the duties, powers and responsibilities of such offices. Section 166.021(4), F.S., contains no limitations, except as may be inherent in `matters prescribed by the [pre-1973] charter relating to appointive boards,' in connection with appointive municipal officers or the duties and powers of such officers. The members of the Local Government Code Enforcement Board, although having duties and responsibilities set forth by statute, are municipal officers who are appointed by the city council and may be suspended and removed from office for cause as provided in local ordinances. The Minimum Housing and Commercial Property Appeals Board is created by ordinance and its members appointed by the city council. Such appointive municipal officers derive their governmental or sovereign powers from and exercise such powers pursuant to the duly enacted ordinances of the city unless otherwise expressly provided or prohibited by law. Thus, a municipality has the power to designate members of the Local Government Code Enforcement Board as ex officio members of the Minimum Housing and Commercial Property Appeals Board and thereby impose additional or ex officio duties on such officers. Where additional or ex officio duties are imposed on or assigned to a particular office or officer by the legislative body of a municipality and there is no conflict between the new and the preexisting duties, the dual office-holding prohibition contained in s 5(a) of Art. II of the Fla. Const., does not apply and does not operate to preclude such assignment. The new duties are viewed as an addition to the existing duties of the affected officer. See, State v. Florida State Turnpike Authority,80 So.2d 337 (Fla. 1955); State v. Gordon, 189 So. 437 (Fla. 1939); Amos v. Mathews, 126 So. 308 (Fla. 1930); AGO's 081-72, 080-97, 080-12. It is recommended that such designation be made expressly and that it is clear legislatively that members of the Local Government Code Enforcement Board are serving in an ex officio
capacity as the appeals board.
Another principle which is pertinent to your proposal involves the application of the common law rule against holding incompatible offices. This doctrine operates to prevent a public officer from holding two incompatible offices at the same time. This common law doctrine is in effect in Florida. See, s 2.01, F.S.; and and see, AGO's 075-60 and 070-46. In AGO 080-17, it was stated that the underlying rationale for this common law rule is `to assure the actuality and appearance of undivided public loyalty and trust a public officer holds for the benefit and in the interest of the people and to prevent any conflict of interest or clash of duties when the performance of duties of one office interferes with the performance of the duties of the other, thereby making both offices incompatible.' See also, 63 Am. Jur.2d Public Officers andEmployees s 96 (1972); 67 C.J.S. Officers s 23 (1978). The incompatibility which disqualifies the holding of two public offices arises as a result of a conflict between the duties and functions of the two offices. As City Attorney you are advised to review the duties and responsibilities of the two boards to insure that no conflict is involved. If there are any conflicting duties, members of the Local Government Code Enforcement Board should not be assigned to serve as ex officio members of the Minimum Housing and Commercial Property Appeals Board, or alternatively, the duties and responsibilities of the latter board which conflict with the responsibilities of the Code Enforcement Board should be transferred by ordinance to another municipal agency.
In conclusion, I am of the opinion that the City of Miami Beach may abolish the Minimum Housing and Commercial Property Appeals Board and provide by ordinance that its duties and responsibilities of enforcing the city's minimum housing standards are to be enforced by the city's duly authorized code inspector and its Local Government Code Enforcement Board pursuant to and in the manner prescribed by Part II of Ch. 166, F.S., as amended by Ch. 82-37, Laws of Florida. Alternatively, the city may, by ordinance, designate the members of the Local Government Code Enforcement Board as ex officio members of the existing Minimum Housing and Commercial Property Appeals Board thereby imposing additional or ex officio duties on such officers to administer and enforce the provisions of Ch. 17B of the City Code and the minimum housing standards established therein, provided that the duties and responsibilities of the two offices are not incompatible.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General